UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **CALEB SAVAGE,**<br><br>Plaintiff,<br><br>v.<br><br>**BUSHWICK COMMUNITY DARKROOM CORP.**, and<br>**LUCIA ROLLOW,** an individual,<br><br>Defendants. | **COMPLAINT FOR DAMAGES**<br><br>Case No. 1:21-cv-4002<br><br>**JURY TRIAL REQUESTED** |

### INTRODUCTION

1. Plaintiff Caleb Savage worked for Defendants' for-profit photography center for approximately seven years, usually one day a week but sometimes more. The Defendants never paid him anything for the vast majority of his work, instead improperly deeming him a "volunteer." This nonpayment violates minimum wage and other provisions of state and federal law.

2. To challenge these practices, Plaintiff brings this action, by and through his attorney, against Defendants Bushwick Community Darkroom Corp., and Lucia Rollow, an individual, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter "FLSA") and the New York Labor Law, Art. 19, § 190 *et seq*. and § 650, *et seq*. (hereinafter, "NYLL").

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. §1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

5. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* A significant portion of the events giving rise to the instant litigation occurred at the Defendants' facility located at 110 Troutman St, Brooklyn, NY 11206.

## PARTIES

**Defendant Bushwick Community Darkroom Corp.**

6. At all relevant times, Defendant **Bushwick Community Darkroom Corp.** (hereinafter "BCD") was a sole proprietorship, whose principal place of business was (and still is) located at 110 Troutman St, Brooklyn, NY 11206.

7. On or about November 12, 2019, BCD incorporated. Its DOS Process agent is listed with the NYS Department of State at the same address.

8. At no time has the BCD been a nonprofit entity or had § 501(c)(3) status.

9. Defendant BCD operates a community darkroom and art space located at 110 Troutman St, Brooklyn, NY 11206.

10. At all relevant times, Defendant BCD had annual gross revenues in excess of $500,000.

11. At all relevant times, Defendant BCD was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Savage v. BCD*
USDC, Eastern District of New York

Complaint
Page 2

12. At all times material to this action, Defendant BCD was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Defendant Lucia Rollow**

13. Defendant Lucia Rollow, an individual, resides in Ridgewood, Queens, New York, upon information and belief.

14. When BCD was a sole proprietorship, she was its proprietor.

15. After BCD became a corporation, she was (and is) its sole owner.

16. Defendant Rollow has an ownership interest in and/or is a shareholder of BCD.

17. Defendant Lucia Rollow is one of the ten largest shareholders of BCD.

18. At all times material to this action, Defendant Rollow actively participated in the business of BCD.

19. At all times material to this action, Defendant Rollow exercised substantial control over the functions of the company's workforce including Plaintiff.

20. At all times material to this action, Defendant Rollow was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Plaintiff Caleb Savage**

21. Plaintiff Caleb Savage is a resident of Brooklyn, New York, which is in Kings County.

22. At all times material to this action, Plaintiff Savage was an "employee" within the meaning of 29 U.S.C. § 203(e).

23. Caleb Savage worked for Bushwick Community Darkroom ("BCD") part time from January 2013 to June 7, 2020.

24. His most recent title was Technical Director, but he performed a variety of functions during the seven-plus years he worked there.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Savage v. BCD*
USDC, Eastern District of New York

Complaint
Page 3

25. While working in this capacity, Plaintiff Savage was not expected to his record time worked.

26. While sometimes it was more, Plaintiff typically worked about 8 hours a week. He typically started work at around 1:00 PM and stopped work at 9:00 PM, one day a week.

27. BCD paid Mr. Savage for only a small fraction of the work that he performed, attempting to characterize his efforts as "volunteer" work.

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

28. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

***Failure to Pay Minimum Wage***

29. Defendants failed to pay Plaintiff the minimum wage for all hours he worked, in violation of the FLSA.

***Record-Keeping Failures***

30. At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiff, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

***Willful & Not Based On Good Faith & Entitlement to Damages***

31. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

**AndersonDodson, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Savage v. BCD*
USDC, Eastern District of New York

Complaint
Page 4

32. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

33. As a result of the violations by Defendant of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid minimum wages, , liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

### As And For A Second Cause of Action:
### NEW YORK LABOR LAW (NYLL) VIOLATIONS

34. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

35. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

*Failure to Pay Minimum Wage*

36. Defendants failed to pay Plaintiff the minimum wage for all hours he worked, in violation of NYLL § 652.

*Spread of Hours*

37. Plaintiff worked more than 10 hours on at least some workdays, but Defendants failed to pay him an additional one-hour's pay at the applicable minimum wage rate, in contravention of. N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4.

*Failure to Provide Pay Stubs and Wage Notices*

38. Defendant failed to furnish Plaintiff with a "wage notice" containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Savage v. BCD*
USDC, Eastern District of New York

Complaint
Page 5

tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, in contravention of NYLL § 195(1)(a) and § 198(1)(b)

39. Defendant failed to furnish Plaintiff with "pay stubs," or a statement with every payment of wages listing gross wages, deductions, and net wages, in contravention of NYLL § 195(3), § 198(1)(d) and 12 N.Y. Comp. Codes R. & Regs. 142-2.7.

### Record-Keeping Failures

40. At all relevant times, Defendant BCD failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of NYLL § 661.

41. At all relevant times, Defendant BCD failed to establish, maintain and preserve for not less than three years payroll records showing the hours worked, gross wages, deductions and net wages for each employee, in contravention of NYLL § 195(4) and 12 N.Y. Comp. Codes R. & Regs. 142-2.6.

42. Defendant failed to keep a time book showing the names and addresses of its employees and the hours worked by each of them in each day, in contravention of NYLL § 161(4).

### Damages

43. Due to Defendant's New York Labor Code violations, Plaintiff is entitled to recover his unpaid wages, overtime, liquidated damages, interest, reasonable attorneys' fees, and costs associated with bringing the action. NY Lab. Code § 663(1).

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Savage v. BCD*
USDC, Eastern District of New York

Complaint
Page 6

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A)  Award Plaintiff unpaid and underpaid wages due under the FLSA and the New York Labor Law;

(B)  Award Plaintiff liquidated damages in the amount of his unpaid FLSA wages pursuant to 29 U.S.C. § 216(b);

(C)  Award Plaintiff liquidated damages pursuant to NYLL § 663;

(D)  Award Plaintiff "spread of hours" pay in the amount of one times the then-applicable minimum wage rate for each day Plaintiff worked 10 or more hours in a workday pursuant to N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.7.

(E)  Award Plaintiff interest;

(F)  Award Plaintiff the costs of this action together with reasonable attorneys' fees; and

(G)  Award such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this **15th** day of **July, 2021.**

AndersonDodson, P.C.

**Penn A. Dodson (PD 2244)**
penn@andersondodson.com
11 Broadway, Suite 615
New York, NY  10004
(212) 961-7639 direct
(646) 998-8051 fax