

August 3, 2021

Hon. Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
V<small>IA</small> ECF

      Re:    *Savage v. Bushwick Community Darkroom Corp. et al* 1:21-cv-4002
              R<small>EQUEST FOR</small> P<small>RE</small>-M<small>OTION</small> C<small>ONFERENCE RE</small>: M<small>OTION FOR</small> E<small>QUITABLE</small> T<small>OLLING</small>

Your Honor:

      We represent the Plaintiff in the above-referenced single plaintiff wage and hour matter. We write in accordance with Your Honor's Individual Practice Rule III.A. in anticipation of our motion for equitable tolling.

T<small>IMELINE</small>

      Plaintiff filed his complaint on July 15, 2021. Dkt. 1. The Defendants have not yet entered the case, but their counsel have indicated that they will sign waivers of service sometime this week. Rather than the Court's normal timeframe of three days for the other side to respond, we would find it appropriate of the court to allow Defendants to have sufficient to respond to this motion after they have made an appearance and/or filed their Answer.

F<small>ACTUAL</small> B<small>ACKGROUND</small>

      Plaintiff worked for Defendants from 2013 to June 7, 2020. Complaint, Dkt. 1 ¶ 23. Under the Fair Labor Standards Act, the statute of limitations period is two years, which can be extended to three upon the showing of willfulness. 29 U.S.C. § 255(a) ; see also *Parada v. Banco Indus. de Venezuela, C.A.*, 753 F.3d 62, 70 (2d Cir.2014). Under the New York Labor Law, the statute of limitations period is six years. NYLL § 198(3); NYLL 663(3).

      Plaintiff filed his Complaint in court on July 15, 2021. Dkt. 1. Normally that would mean that the maximum extent of the statutory period for which he could recover would be from July 15, 2015 to the end of his employment. However, this should be extended by six months, to January 27, 2015, due to Defendants' conduct during pre-litigation discussions.

Dated January 7, 2021, Plaintiff, through counsel, sent Defendants letters regarding his potential claims. Included in those communications was an invitation for the parties to engage in a tolling agreement in order to put court deadlines "on hold" while they explored opportunities for potential early resolution. On January 13, 2021, Alexis Soterakis of Coran Ober P.C. reached out to Plaintiff's counsel, indicating that her firm had been retained for Defendants. On January 27, 2021, Steven T. Beard, Esq., Associate at Coran Ober P.C., emailed, "Please recall that this office represents Bushwick Community Darkroom in connection with the above-referenced matter. This email is to acknowledge that my client agrees to toll the statute of limitation for claims under the Fair Labor Standards Act and New York State Labor Law as of January 27, 2021…"

Counsel engaged in settlement discussions in February through early April, 2021. On April 5, Defendants counsel made an offer of a specific monetary amount. On April 12, Plaintiff's counsel conveyed that Plaintiff wished to accept Defendants' settlement offer, even though it was a compromised amount relative to the damages he had computed he was owed. Along with that acceptance, his counsel provided a draft settlement agreement to Defendants. Counsel went back and forth with proposed edits a couple of times. By email of May 18, Defendants provided an edited version of the agreement. On May 20, 2021, Plaintiff's counsel emailed Defendants' counsel Defendants' most recent version of the agreement, as signed by the Plaintiff, indicating, "My client has signed the most recent version you sent over."

By phone message and email dated May 28, 2021, Natraj Bhushan of Turturro Law PC contacted counsel for Plaintiff, indicating she was now representing Defendants, and attempted to "reject" the most recent offer, even though it had been the one that Defendants, through counsel, had put forth. June 11 s/he emailed, "My client will not be settling or further negotiating this matter without first reviewing any relevant records that she previously requested. If your client would like to just proceed with filing suit, then he may do so at his convenience." On July 15, Plaintiff filed suit.

<u>LEGAL ARGUMENT</u>

Federal courts should grant equitable tolling "sparingly," *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990), and "only . . . in [] rare and exceptional circumstance[s]," *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003). Equitable tolling is generally reserved

for situations "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin*, 498 U.S. at 96. Nevertheless, "[a] statute of limitations may be tolled as necessary to avoid inequitable circumstances." *Iavorski v. U.S. Immigration Naturalization Serv.*, 232 F.3d 124, 129 (2d Cir. 2000). In determining whether equitable tolling is warranted, the Second Circuit has stated that a court "must consider whether the person seeking application of the equitable tolling doctrine (1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Zerilli-Edelglass*, 333 F.3d at 80-81 (internal quotation marks omitted). Courts have recognized that equitable tolling is often appropriate in order "to avoid inequitable circumstances." *Yahraes v. Rest. Assocs. Events Corp.*, 2011 U.S. Dist. LEXIS 23115, 3-4 (E.D.N.Y. 2011). While plaintiffs wishing to pursue their rights cannot sit on them indefinitely, those whose representatives are diligently and timely pursuing the claims should not be penalized when actively attempting to resolve issues and relying, in good faith, on representations made by counsel along the way.

REQUEST FOR EQUITABLE TOLLING

Based on the above, Plaintiff requests that the Statute of Limitations be equitably tolled as of the date initially indicated by Defendants' first counsel, i.e. January 27, 2021, and for such other and further relief as the Court may deem appropriate.

We thank the Court for its attention to this matter.

Sincerely,

Penn Dodson, Esq.
penn@andersondodson.com

ANDERSONDODSON, P.C.
11 BROADWAY * SUITE 615 * NEW YORK, NY 10004
(212) 961-7639 TEL * (646) 998-8051 FAX
WWW.ANDERSONDODSON.COM